United States District Court<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA WALDON, | No. C07-01988 MJJ |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |
| v. | |
| NOVARTIS PHARMACEUTICALS CORP., | |
| Defendant. | |

## INTRODUCTION

Before the Court is Plaintiff Theresa Waldon's ("Plaintiff" or "Waldon") Motion to Remand.[1] Defendant Novartis Pharmaceuticals Corporation ("NPC") and Novartis Corporation (collectively, "Novartis") oppose the Motion to Remand.[2] For the following reasons, the Court **DENIES** Plaintiff's Motion to Remand.

## FACTUAL & PROCEDURAL BACKGROUND

On March 28, 2007, Plaintiff Theresa Waldon, a resident of Georgia, filed suit in California state court against Defendants NPC, Novartis, and McKesson Corporation ("McKesson") (collectively, "Defendants"). NPC is incorporated in Delaware, with its principal place of business in New Jersey. Novartis is incorporated in New York, with its principal place of business in New York. McKesson is incorporated in Delaware, with its alleged principal place of business in

---

[1] Docket No. 8

[2] Docket No. 14

1  California. Plaintiff alleged harm from an allergic reaction suffered as a result of the ingestion of the
2  prescription medication Trileptal.

3  On April 9, 2007, prior to service upon any of the Defendants, Novartis noticed removal to
4  federal court pursuant to 28 U.S.C. § 1441(b). Subsequently, on April 12, 2007, Plaintiff properly
5  served all Defendants. On May 4, 2007, Plaintiff filed a Motion to Remand on the grounds that
6  there was not complete diversity. In opposition, Novartis asserts that McKesson's citizenship should
7  not be considered, as they were not properly joined and served at the time of removal. Novartis
8  further argues that McKesson is fraudulently joined, and that this Court should ignore McKesson's
9  citizenship in its removal analysis.

**LEGAL STANDARD**

11  Pursuant to 28 U.S.C. § 1441(a), a defendant in a civil action may remove a case from state
12  court to federal district court if the district court has subject matter jurisdiction over the case. The
13  district court has subject matter jurisdiction over a case if there is diversity of citizenship between
14  the parties or if the action is founded on a claim arising under the Constitution, laws, or treaties of
15  the United States. 28 U.S.C. § 1441(b); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332
16  (diversity jurisdiction); *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988).
17  Section 1441(b) provides that if federal jurisdiction is based on diversity of citizenship, removal is
18  available only if no defendant is a citizen of the forum state. 28 U.S.C. § 1441(b). As the party
19  seeking to remove the action, the defendant bears the burden of establishing that subject matter
20  jurisdiction exists. *Ethridge*, 861 F.2d at 1393. Because the Court strictly construes the removal
21  statute against removal, if there is any doubt as to the existence of federal jurisdiction, the Court
22  should remand the matter to state court. *See Gaus v. Miles*, *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

23  The procedure for removal is set forth in 28 U.S.C. § 1446. This section provides that a
24  defendant seeking to remove a civil action to federal court must file a notice identifying the basis for
25  removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy
26  of the initial pleading setting forth the claim for relief upon which such action or proceeding is
27  based." 28 U.S.C. § 1446(b).

28  Pursuant to 28 U.S.C. § 1447(c), a plaintiff may challenge the propriety of removal based on

2

procedural defects and move to remand a case to state court within 30 days after the filing of the notice of removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 2003).[3]

## ANALYSIS

### A.    Does Removal Prior to Service of Any Defendant Satisfy 28 U.S.C. § 1441(b)?

Because Plaintiff chose to file in state court and Novartis noticed removal, the dispute over this Court's jurisdiction arises under the right to removal governed by 28 U.S.C. § 1441(b). Plaintiff asks the Court to remand on the basis that Section 1441(b) prohibits removal if a party "joined and served" shares common citizenship with the venue in which the suit is filed. Plaintiff argues that to hold otherwise would sanction a "procedural trap" and create a "very strange anomaly." In opposition, Novartis urges the Court to adhere to a strict interpretation of the statutory language of Section 1441(b). Novartis asserts that because McKesson remained an unserved defendant at the time of removal, it should not be considered "properly joined and served" as specified by Section 1441(b), and as such, their citizenship should not bear on this Court's consideration of the validity of the removal.

The language of 28 U.S.C. § 1441(b) provides that a case may be removed on diversity grounds "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). This case was filed in California state court, and the parties to this action do not dispute that McKesson is a citizen of California. Thus, the remaining question is whether McKesson's citizenship should be taken into account for purposes of removal. If McKesson is included, Section 1441(b) would bar removal as McKesson's California citizenship aligns with the California court in which suit was filed. If McKesson is excluded, removal under Section 1441(b) would be permitted, as complete diversity existed at the time of removal. For the reasons set forth below, the Court finds that McKesson's citizenship should not be considered because McKesson was not properly joined and served at the time of removal.

---

[3] Untimely removal is a procedural, rather than a jurisdictional, defect. *Maniar v. Fed. Deposit Ins. Corp.*, 979 F.2d 782, 785 (9th Cir. 1992).

3

**B.   McKesson Was Not Properly "Joined and Served" At the Time of Removal.**

As explained below, the Court finds that McKesson was not properly "joined and served" at the time of removal as required by 28 U.S.C. § 1441(b).

District Courts are split as to the issue of unserved defendants removing prior to service of any defendants. This Court finds guidance from the court's reasoning in *City of Ann Arbor Employees' Retirement Sys. v. Gecht*, 2007 WL 760568 (N.D. Cal. March 9, 2007). In *Gecht*, the court addressed a removal noticed by an unserved defendant prior to service of any defendants. *Id.* at *1. The court in *Gecht* was sympathetic to the plaintiff's arguments, which align with those of the Plaintiff in the instant case, noting that they possessed "a great deal of appeal." *Id.* at *6. However, the court found the plain language of Section 1441(b) persuasive, recognizing that "a court may depart from the plain language of a statute only under 'rare and exceptional circumstances.'" *Id.* (*quoting Demarest v. Manspeaker*, 498 U.S. 184 (1991)). *Gecht* found that a court could only "look beyond the express language of a statute where a literal interpretation would thwart the purpose of the overall statutory scheme or lead to an absurd or futile result." *Id.* (*quoting Albertson's Inc. v. Commissioner of Internal Revenue*, 42 F.3d 537, 545 (9th Cir. 1994); *see also Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) (finding that a lack of service was no bar to removal). The Court finds the reasoning of *Gecht* to be persuasive.

Plaintiff urges otherwise and requests this Court to find that "public policy and fundamental fairness should prevail over an overly technical reading. . ." (Pl.'s Reply at 4:21-22.) Plaintiff cites *Holmstrom v. Harad*, 2005 WL 1950672 (N.D. Ill. 2005) in support of her argument that the exclusion of McKesson would result in an unfair outcome. Beyond descriptions of potentially unfair results arising from a plain text interpretation of Section 1441(b) and the *Holmstrom* court's analysis of the effects of service on removal[4], Plaintiff does not cite any authority to suggest a different legislative purpose than that apparent from the text of the statute. The court in

---

[4] While this Court recognizes that the *Holmstrom* court presents an appealing interpretation of Section 1441(b), this Court does not find *Holmstrom*'s justification for departing from the statutory language persuasive.

4

*Gecht* speaks to this eloquently in its criticism of *Holmstrom*:

> [I]f Congress had wanted to ensure that removal would not be appropriate until it was clear that Plaintiff was trying to prevent removal by speciously naming resident defendants, Congress could have provided that no removal petition could be filed until one or more nonresident defendant had been joined and served. The statute also could have been written to give a plaintiff, *e.g.*, 30 or 60 days to effect service before permitting a defendant to remove.

*Gecht*, 2007 WL 760568 at *9.

Because this Court finds no compelling reason to depart from the plain text of section 1441(b), the Court finds that McKesson's citizenship has no bearing on the sufficiency of the removal at its time of notice.

Additionally, because the Court has already determined, on other grounds, that removal is appropriate, the Court need not reach the merits of the Defendant's arguments addressing improper joinder of McKesson.[5]

## CONCLUSION

For the foregoing reasons, the court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

Dated: June 14, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff asks the Court to "realign" the parties to conform with "their true interests in the litigation." (Pl.'s Mot. to Remand. p. 13.) Realignment is appropriate when "no actual, substantial controversy exists between the parties on one side of the dispute and their named opponents." 32A Am. Jur. 2d Federal Courts § 787. The potentially similar interests of Novartis and McKesson in the instant action have no bearing on realignment, as they are both named as defendants.